Filed 10/3/22 P. v. Andahl CA3
Opinion following transfer from Supreme Court

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Calaveras)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JASON WESLEY ANDAHL,<br><br>    Defendant and Appellant. | C090707<br><br>(Super. Ct. Nos. 17F7159,<br>18F7255)<br><br>OPINION ON TRANSFER |

This matter was transferred to us from the California Supreme Court with directions to vacate our prior published decision in *People v. Andahl* (2021) 62 Cal.App.5th 203, review granted June 16, 2021, S268336, and cause transferred with directions April 20, 2022 (*Andahl I*), and reconsider the cause in light of Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728; Senate Bill 483). As discussed below,

1

we shall remand the matter for resentencing under former Penal Code section 1171.1, added by Senate Bill 483.[1]

## I. BACKGROUND

In October 2017, defendant was charged in case No. 17F7159 with willfully and unlawfully inflicting corporal injury upon S.M., with whom he was in a dating relationship (§ 273.5, subd. (a)—count I), criminal threats (§ 422—count II), and false imprisonment (§ 236—count III). The complaint further alleged that defendant had two prison priors (§ 667.5, subd. (b)).

In February 2018, the district attorney filed a second criminal complaint, in case No. 18F7255, charging defendant with criminal threats (§ 422—count I), taking or driving a vehicle without consent (Veh. Code, § 10851, subd. (a)—count II), buying or receiving a stolen vehicle (§ 496d, subd. (a)—count III), domestic battery (§ 243, subd. (e)(1)—count IV), willfully and knowingly violating a protective order (§ 166, subd. (c)(1)—counts V and VI), and possessing drug paraphernalia (Health & Saf. Code, § 11364, subd. (a)—count VII). The complaint further alleged, as to counts I through III, that defendant was on bail at the time of the new offenses (§ 12022.1) and that he had two prison priors (§ 667.5, subd. (b)).

On August 3, 2018, pursuant to a negotiated agreement, defendant entered a plea of guilty to the infliction of corporal injury as charged in count I of case No. 17F7159. In exchange for his plea, the remaining counts and the special allegations in that case were dismissed on the People's motion. As part of the plea agreement, defendant also entered

---

[1] Further undesignated statutory references are to the Penal Code. Effective June 30, 2022, former section 1170.95 and former section 1171.1 were recodified without substantive change to section 1172.6 and section 1172.75 respectively. (Stats. 2022, ch. 58, §§ 10, 12.) In this opinion, we shall continue to refer to these sections as former section 1170.95 and former section 1171.1.

a plea of no contest to the criminal threats charge in count I of case No. 18F7255 and admitted the two prison priors and the on-bail enhancement. In exchange for his plea, the remaining six counts were dismissed on the People's motion. That same day, pursuant to the parties' agreement, the trial court imposed a sentence of three years in prison for case No. 17F7159 and a sentence of four years eight months in state prison for case No. 18F7255. Execution of both sentences was suspended, however, and defendant was placed on formal probation. Defendant does not appear to have filed a notice of appeal challenging these sentences.

On March 4, 2019, petitions for revocation of probation were filed in both cases, alleging that defendant had committed numerous violations of the terms and conditions of his probation. Both petitions recommended that the court terminate probation and execute the previously suspended sentences. Defendant admitted the violations of probation in both cases. On August 5, 2019, the trial court executed the sentences that had been previously suspended, and defendant was sentenced to state prison for a term of seven years eight months.

Defendant advanced one claim on appeal. He requested that we vacate the two one-year prior prison term enhancements consistent with Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590; Senate Bill 136), which became effective January 1, 2020. It was undisputed that Senate Bill 136 was retroactive, but the Attorney General contended defendant's judgment was final such that defendant could not benefit from Senate Bill 136's amendments to section 667.5, subdivision (b). We concluded that Senate Bill 136 applied retroactively to defendant's case because the order imposing sentence and suspending execution was not a final judgment. (*Andahl I, supra*, 62 Cal.App.5th at p. 211, rev. granted, cause transferred.) We also concluded that the proper remedy was to strike the enhancements and modify the judgment without remanding the matter to give the prosecutor the opportunity to withdraw from the plea agreement. (*Id.* at p. 213.)

The California Supreme Court granted review in *Andahl I* and has now transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of the enactment of Senate Bill 483. We do so now.

Supplemental briefing is complete, and the Attorney General conceded that defendant is entitled to relief under Senate Bill 483 and that the appropriate remedy is to remand for further proceedings under former section 1171.1. We agree and shall strike the prior prison term enhancements, vacate defendant's sentence, and remand the matter for resentencing.

## II. DISCUSSION

Pursuant to section 667.5, subdivision (a), and subject to an exception not relevant here, trial courts are required to impose a three-year sentence for each prior, separate prison term served by the defendant for a violent felony where the current offense is also a violent felony, as defined in subdivision (c) of the statute. For other felonies, pursuant to former subdivision (b) of section 667.5 and subject to exceptions not relevant here, trial courts are required to impose an additional one-year term for each prior, separate prison term or county jail felony term. As amended by Senate Bill 136, subdivision (b) of section 667.5 limits imposition of the additional one-year term to each prior, separate prison term served for a conviction of a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). Defendant's prior convictions for assault with a deadly weapon (§ 245, subd. (a)(1)) and false personation of another (§ 529, subd. (a)(3)) are not qualifying offenses under section 667.5, subdivision (b), as amended.

The Legislature recently enacted Senate Bill 483, effective January 1, 2022, which provides: "The Legislature finds and declares that in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply Senate Bill 180 of the 2017-18 Regular Session and Senate Bill 136 of the 2019-20 Regular Session to all persons currently serving a term of incarceration in

4

jail or prison for these repealed sentence enhancements.  It is the intent of the Legislature that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement."  (Stats. 2021, ch. 728, § 1.)

Senate Bill 483 added former section 1171.1 to the Penal Code, which provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."  (Former § 1171.1, subd. (a).) Further, "[r]esentencing . . . shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed."  (Former § 1171.1, subd. (d)(1).)

We previously concluded that Senate Bill 136 applied retroactively in this case under *In re Estrada* (1965) 63 Cal.2d 740, and there is no dispute that defendant is entitled to application of Senate Bill 483.  Because defendant's prior prison term enhancements have been invalidated by Senate Bill 483, remand is required for the trial court to comply with the new statute's requirements.  Specifically, the trial court must impose a lesser sentence unless "the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  (Former § 1171.1, subd. (d)(1).)  In addition, the trial court that recalls and resentences individuals who are serving section 667.5, subdivision (b) enhancements may consider postconviction factors, including disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects upon whether any factors have reduced the defendant's risk for future violence, or evidence that circumstances have changed since the original sentencing.  (Former § 1171.1, subd. (d)(3).)  Therefore, we shall strike the

prior prison term enhancements and remand the matter for resentencing in accordance with former section 1171.1.

## III. DISPOSITION

The judgment is modified to strike the prior prison term enhancements, defendant's sentence is vacated, and the matter is remanded for resentencing consistent with former section 1171.1. In all other respects, the judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

MAURO, J.

6